# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY
### NEWARK VICINAGE

**NOT FOR PUBLICATION**

| | | |
|---|---|---|
| JIHAD WILLIAMSON, | : | |
| | : | **CIVIL NO. 14cv5770 (SRC)** |
| PLAINTIFF, | : | |
| | : | |
| | : | **OPINION** |
| v. | : | |
| | : | |
| | : | |
| MRS. S. DAVIS ET AL., | : | |
| | : | |
| DEFENDANTS, | : | |

**CHESLER,** United States District Judge.

Plaintiff is a civilly committed detainee under New Jersey's Sexually Violent Predator Act, confined at East Jersey State Prison. (Compl., ECF No. 1.) Plaintiff submitted a civil rights complaint to this Court, and the Court granted Plaintiff's request to proceed without prepayment of fees pursuant to 28 U.S.C. § 1915. (Order, ECF No. 2.) This case is now subject to preliminary review by the Court pursuant to § 1915(e)(2)(b).

When a person is proceeding in forma pauperis under 28 U.S.C. § 1915, the statute requires the court to "dismiss the case at any

1

time if the court determines that" the action is frivolous or malicious; the action fails to state a claim upon which relief may be granted; or the action seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

## I.   THE COMPLAINT

The first defendant named in the body of the complaint is Major S. Kaminski, identified as "Admin. Major – D.O.C." (Compl., ECF No. 1 at ¶2(b)).[1] Plaintiff alleged Kaminiski applied new rules and regulations "under the prison policy (10-A)" causing conflicts with treatment and making the facility feel more like a prison than a treatment facility. (Id.) The next defendant is Merril Main, identified as "Clinical Director/D.H.S." (Id. at ¶4(d)). Plaintiff alleged Main ignored the fact that the D.O.C. put residents under prison policies and turned what was supposed to be treatment into a hostile environment. (Id.)

Plaintiff also named as a defendant Shantay Adams, "Unit Director-D.H.S.," (Id. ¶4(e)). Plaintiff alleged Adams knew that

---

1 The first defendant named in the caption of this complaint is Mrs. S. Davis, but Davis is not named in the body of the complaint. The Court notes the body of this complaint appears to be a duplicate of the complaints in Boss v. Davis et al., 15cv5771(SRC) (D.N.J.) and Woods v. Davis et al., 14cv5774(SRC) (D.N.J), except the present complaint is missing the first page, the page on which the plaintiff and the first defendant [Mrs. S. Davis] are described.

the Patient Bill of Rights was being violated by allowing the
D.O.C. to put SVPs under prison policies, and by ignoring abuse by
the D.O.C. against residents and their families on visiting days.
(Id.)

Plaintiff made the following allegations in his complaint,
taken as true for purposes of screening only. On September 10,
2014, the administrators [unidentified] were informed that civil
residents committed under the New Jersey SVPA are not supposed to
be treated like prisoners. For eight hours a day, SVPs were able
to talk to D.H.S. staff, but for the remaining sixteen hours of
the day, they were treated as problem prisoners in that (1) the
D.O.C. cancelled groups while they were in session; (2) the D.O.C.
refused to allow treatment staff to run and conduct treatment
groups; (3) unit correction officers routinely locked-down
residents, terminating their treatment; and (4) when these matters
were brought to the attention of D.H.S. staff, they did nothing.

As a result of placing civil residents under D.O.C. Code 10:A,
residents had to turn over their tobacco products, and they were
prohibited from receiving water or food packages from visiting
family members. Plaintiff alleged residents have been denied their
rights under the Patient Bill of Rights since arriving at East
Jersey State Prison. He alleged this is punishment that is improper

3

for civilly committed residents. When residents complained about such, they have been threatened with lock-up in violation of their First Amendment rights. D.H.S. Administrators will not intervene when D.O.C. employees violate civilly committed residents' rights. Plaintiff alleged that application of policies under the New Jersey SVPA and the D.O.C. policies under 10:A create the equivalent of a second prosecution, in violation of the constitution.

Plaintiff alleged there have been three or four different Assistant Superintendents of the D.O.C. since May 12, 2010, and each time a new D.O.C. policy is put in place, it interferes with the Plaintiffs' treatment and creates a hostile environment. The D.O.C. has not properly trained its employees to interact with civilly committed residents.

## II.   STANDARD FOR SUA SPONTE DISMISSAL

Plaintiff is proceeding in forma pauperis in this civil action. Therefore, this Court must review the complaint and sua sponte dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief, pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court must liberally construe the complaint in Plaintiff's favor because he is proceeding pro se. Erickson v. Pardus, 551 U.S. 89, 93–94

4

(2007). The Court must also "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). The Court need not, however, credit a pro se plaintiff's "bald assertions" or "legal conclusions." Id.

In Ashcroft v. Iqbal, the Supreme Court revisited the standard for summary dismissal of a complaint that fails to state a claim upon which relief may be granted. 556 U.S. 662 (2009). The Court examined the pleading standard under Federal Rule of Civil Procedure 8(a)(2), noting that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Id. at 677. However, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. at 678 (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

A complaint must be dismissed for failure to state a claim if it does not state a plausible claim for relief. Id. "Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the

5

reviewing court to draw on its judicial experience and common sense." Id. at 679 (citations omitted). "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id. Finally, a court should not dismiss a complaint with prejudice for failure to state a claim without granting leave to amend, unless it finds bad faith, undue delay, prejudice or futility. See Grayson v. Mayview State Hosp., 293 F.3d 103, 110-111 (3d Cir. 2002).

**III. 42 U.S.C. § 1983**

Plaintiff brought this action pursuant to 42 U.S.C. § 1983. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ....

To state a claim for relief under § 1983, a plaintiff must allege two things; first, the violation of a right secured by the Constitution or laws of the United States; and, second, that

6

the alleged deprivation was committed or caused by a person
acting under color of state law. West v. Atkins, 487 U.S. 42, 48
(1988).

## IV.  THE NEW JERSEY SEXUALLY VIOLENT PREDATOR ACT

Plaintiff is civilly committed under the New Jersey
Sexually Violent Predator Act ("SVPA"). (Compl., ECF No. 1.) The
New Jersey SVPA provides for the custody, care and treatment of
involuntarily committed persons who are deemed to be sexually
violent predators ("SVP"). N.J.S.A. 30:4-27.24 *et seq.* The
facilities designated for SVPS are operated by the New Jersey
Department of Corrections ("DOC"). N.J.S.A. 30:4-27.34(a). The
New Jersey Department of Human Services ("DHS") provides for
their treatment. N.J.S.A. 30:4-27.34(b).

In passing the SVPA, the New Jersey Legislature made
specific findings regarding SVPs. N.J.S.A. 30:4-27.25. The
Legislature noted that it was necessary to modify the previous
civil commitment framework and additionally separate SVPs from
other persons who have been civilly committed. Id. The SVPA
defines a SVP as:

> a person who has been convicted, adjudicated
> delinquent or found not guilty by reason of
> insanity for commission of a sexually
> violent offense, or has been charged with a
> sexually violent offense but found to be

7

> incompetent to stand trial, and suffers from
> a mental abnormality or personality disorder
> that makes the person likely to engage in
> acts of sexual violence if not confined in a
> secure facility for control, care and
> treatment.

N.J.S.A. 30:4-27.26(b).

The SVPA was amended in 2003, requiring that regulations be promulgated jointly by the D.O.C. and the D.H.S., in consultation with of the Attorney General, taking "into consideration the rights of the patients as set forth in section ten of P.L.1965, c. 59 (C. 30:4-24.2) ... [to] specifically address the differing needs and specific characteristics of, and treatment protocols related to, sexually violent predators." N.J.S.A. 30:4-27.34(d). Those persons committed under the SVPA shall receive annual review hearings. N.J.S.A. 30:4-27.35. A SVP may be released from involuntary civil commitment upon recommendation of the DHS or by the SVP's own petition for discharge. N.J.S.A. 30:4-27.36.

## V.   ANALYSIS

### A.   Insufficient Factual Allegations

Several of Plaintiff's claims are insufficient because he does not allege how he was personally injured by the alleged unconstitutional conduct or that a direct injury was imminent.

See Goode v. Gioria, 590 F. App'x. 120, 121-22 (3d Cir. 2014)(dismissing complaint for lack of case or controversy that "raise[d] concerns about the potential injuries that might arise from various procedures at the institution, but fail[ed] to allege that any actual injuries have occurred or are imminent.") For example, Plaintiff did not describe any abuse he personally suffered at the hands of a D.O.C. corrections officer, when the abuse occurred, or how any defendant was aware of such abuse.

Additionally, Plaintiff has not alleged sufficient facts to state a claim for denial of property under the Due Process Clause of the Fourteenth Amendment. To state such a claim, a plaintiff must establish: (1) a deprivation of a constitutionally protected liberty or property interest, (2) state action, and (3) constitutionally inadequate process. See Rusnak v. Williams, 44 F. App'x 555, 558 (3d Cir. 2002). A protected property interest is one in which a person has a legitimate claim of entitlement to the property under the law, not just a unilateral expectation of it. Kaminski v. Township of Toms River, 595 F. App'x 122, 125 (3d Cir. 2014).

Even assuming Plaintiff could establish a protected property interest in cigarettes and receiving food packages from visitors, he must also allege the process afforded to him for

9

deprivation of that interest did not comport with constitutional requirements. Shoats v. Horn, 213 F.3d 140, 143 (3d Cir. 2000). Plaintiff has not alleged any facts to indicate there was no due process afforded for the deprivation of cigarettes and receipt of food packages. These claims will be dismissed without prejudice.

**B.   Application of Prison Policies to SVPs**

Plaintiff generally alleged that application of prison policies to civilly committed sexually violent predators violated his constitutional rights because he is not a prisoner who is subject to punishment. Plaintiff's allegations are addressed under the Fourteenth Amendment's Due Process Clause. "Persons who have been involuntarily committed are entitled to more considerate treatment and conditions of confinement than criminals whose Youngberg conditions of confinement are designed to punish." v. Romeo, 457 U.S. 307, 321-22 (1982). In general, civilly committed persons may not be subjected to conditions that amount to punishment, Bell v. Wolfish, 441 U.S. 520, 536 (1979); within the bounds of professional discretion, Youngberg, 457 U.S. at 321-22.

A civilly committed person's constitutional rights must be balanced against the reasons put forth by the State for

10

restricting their liberties. Id. at 320. Moreover, "due process requires that the conditions and duration of confinement bear some reasonable relation to the purpose for which persons are committed." Seling v. Young, 531 U.S. 250, 265 (2001).

Under the New Jersey SVPA, SVPs are confined "in a secure facility for control, care and treatment." N.J.S.A. 30:4-27.26(b). Thus, treatment is not the sole purpose of confinement and not the sole consideration in the constitutional analysis.

> The role of the DOC in providing the housing
> for individuals committed under the Act does
> not necessarily establish a punitive
> statute. [The petitioner's] assertion of
> secure prison-like conditions is not the
> clear proof that the statutory scheme is so
> punitive as to render it a criminal statute.
> The intent and legislative purpose of the
> Act, admittedly a dual purpose, secure
> confinement and treatment does not render
> the SVPA unconstitutionally punitive per se.

In the matter of the civil commitment of J.H.M., 367 N.J. Super. 599, 609 (N.J. Super. App. Div. Dec. 9, 2003).

A general allegation that an SVP cannot be subjected to a policy of the Department of Corrections because SVPs are not prisoners subject to punishment necessarily fails, because the Department of Corrections plays a role in the dual purpose of the New Jersey Act, secure confinement and treatment of SVPs. "Placement in a prison, subject to the institution's usual rules

11

of conduct" does not, of itself, constitute punishment. Allison
v. Snyder, 332 F.3d 1076, 1079 (7th Cir. 2003)(citing Bell, 441
U.S. 520). "If pretrial detainees may be subjected to the
ordinary conditions of confinement, as Wolfish holds, then so
may persons detained before trial as sexually dangerous
persons." Id. "Plaintiffs do not assert that their situation is
worse in any material way than the situation in which ordinary
pretrial detainees find themselves." Id.

    If a particular D.O.C. policy bears some reasonable
relation to providing control over an SVP in a secure facility,
the policy will withstand a constitutional challenge. Seling,
531 U.S. at 265. Petitioner has not asserted a particular
provision under N.J.A.C. 10:A that bears no reasonable relation
to providing control over SVPs in a secure facility. Thus, such
claims will be dismissed without prejudice. Plaintiff's
allegations that the D.O.C. regulations interfere with treatment
will be addressed below.

**C.   Interferences with Treatment By Application of Prison
       Policies**

    The New Jersey SVPA has a dual purpose, and one of those
purposes is to provide treatment designed to prevent an SVPA
from committing a future sexual offense, and thereby obtain

his/her release from confinement. Thus, civilly committed SVPs
have a substantive due process right to treatment. Leamer v.
Fauver, 288 F.3d 532, 545 (3d Cir. 2002); Deavers v. Santiago,
243 F. App'x 719, 772 (3d Cir. 2007). However, not every aspect
of civil commitment has to be evaluated as a treatment program
under Youngberg. Lane v. Williams, 689 F.3d 879, 883 (7th Cir.
2012). "A justified security policy is not . . . properly viewed
as a treatment program that must be supported by an exercise of
professional judgment. And that is so even if the security
policy limits opportunities for treatment." Id.

Here, Plaintiff has not alleged sufficient facts to allow
the Court to determine whether the security policies of the
D.O.C. render treatment opportunities so inadequate as to
violate due process.  Plaintiff has not alleged when or how
frequently D.O.C. policies resulted in cancellation or other
interference with his treatment program, or any facts that would
allow the Court to determine how significant an effect the
application of D.O.C. policies specifically had on Plaintiff's
participation in treatment or that the treatment he received was
inadequate. For this reason, these claims will be dismissed
without prejudice.

13

STANLEY R. CHESLER
UNITED STATES DISTRICT JUDGE

14